# EXHIBIT A

CT Corporation

**Service of Process Transmittal**
10/09/2013
CT Log Number 523656907

**TO:** Mary Jo Spalinger
Business Filings Incorporated (Recipient Account Only)
8040 Excelsior Drive, Suite 200
Madison, WI 53717

**RE:** **Process Served in Kansas**

**FOR:** Correct Care Solutions, LLC (Domestic State: KS)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Deanna L. Bailey, Pltf. vs. Correct Care Solutions, LLC, Dft. |
| **DOCUMENT(S) SERVED:** | Summonses, Petition(s), First Interrogatories, Verification(s), First Request(s), Notice(s) |
| **COURT/AGENCY:** | Leavenworth County District Court, KS<br>Case # 2013CV463 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination - On May 21, 2013 |
| **ON WHOM PROCESS WAS SERVED:** | Business Filings Incorporated, Topeka, KS |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 10/09/2013 postmarked: "Not Post Marked" |
| **JURISDICTION SERVED :** | Kansas |
| **APPEARANCE OR ANSWER DUE:** | Within 21 days of service of summons |
| **ATTORNEY(S) / SENDER(S):** | Jason P. Roth<br>Copley Roth & Wilson, LLC<br>Lighton Tower<br>7500 College Blvd.<br>Suite 700<br>Overland Park, KS 66210<br>913-451-9500 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 10/09/2013, Expected Purge Date: 10/14/2013<br>Image SOP<br>Email Notification, Mary Jo Spalinger ctsop@bizfilings.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:** | Business Filings Incorporated<br>Amy McLaren<br>112 S.W. 7th Street<br>Suite 3C<br>Topeka, KS 66603 |
| **TELEPHONE:** | 800-592-9023 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CT Corporation

**Service of Process Transmittal**
10/09/2013
CT Log Number 523656907

**TO:** Mary Jo Spalinger
Business Filings Incorporated (Recipient Account Only)
8040 Excelsior Drive, Suite 200
Madison, WI 53717

**RE:** **Process Served in Kansas**

**FOR:** Correct Care Solutions, LLC (Domestic State: KS)

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Letter | By Certified Mail on 07/17/2013 postmarked: "Not Post Marked" | Mary Jo Spalinger Business Filings Incorporated (Recipient Account Only) | 523123721 |



Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CERTIFIED MAIL

7010 3090 0003 6606 7341

$7.97
US POSTAGE
FIRST-CLASS
062S0007750928
66210

COPLEY ROTH & WILSON

Copley Roth & Wilson, LLC
Lighton Tower
7500 College Blvd., Suite 700
Overland Park, KS 66210

Correct Care Solutions, LLC
R/A: Business Filings International, Inc.
112 SW 7th Street, Suite 3C
Topeka, KS 66603

FILED
LEAVENWORTH CO. KS
2013 OCT 3 PM 2:55
CLERK OF DIST COURT

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** 2013 CV 463 |
| | ) | |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division** _______ |
| | ) | |
| **Defendant.** | ) | |

**SUMMONS**

TO: **CORRECT CARE SOLUTIONS, LLC**

You are notified that an action has been filed against you in this court. You are required to file a written response to the *Petition for Damages* with the Clerk of the District Court and to serve a copy of that response upon Plaintiff's attorney as follows:

Jason P. Roth
COPLEY ROTH & WILSON
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com

within twenty-one (21) days after service of this Summons upon you. Any related claim that you have against the Plaintiff may be stated as a counterclaim in your written response.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition for Damages.

DATE: 10-4-13

CLERK OF THE DISTRICT COURT

By: [signature]

DISTRICT COURT SEAL LEAVENWORTH COUNTY, KANSAS

FILED
LEAVENWORTH CO. KS
2013 OCT -3 PM 2:55
CLERK OF DIST COURT

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.** 2013 CV 463 |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division** ______ |
| **Defendant.** | ) | |

## SUMMONS

TO: **CORRECT CARE SOLUTIONS, LLC**

You are notified that an action has been filed against you in this court. You are required to file a written response to the *Petition for Damages* with the Clerk of the District Court and to serve a copy of that response upon Plaintiff's attorney as follows:

Jason P. Roth
COPLEY ROTH & WILSON
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com

within twenty-one (21) days after service of this Summons upon you. Any related claim that you have against the Plaintiff may be stated as a counterclaim in your written response.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition for Damages.

DATE: 10-4-13

CLERK OF THE DISTRICT COURT

By: ____________

DISTRICT COURT SEAL LEAVENWORTH COUNTY, KANSAS

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

FILED
LEAVENWORTH CO. KS
2013 OCT -3 PM 2:55
CLERK OF DIST COURT

**DEANNA BAILEY,** )
)
**Plaintiff,** )
)
**vs.** ) **Case No.** 2013 CV463
)
**CORRECT CARE SOLUTIONS, LLC,** ) **Division** _______
)
**Defendant.** )

**PETITION FOR DAMAGES**

COMES NOW Deanna "Dee" Bailey, by and through her attorneys of record, and for her Petition for Damages against Correct Care Solutions, LLC ("CCS") states and alleges as follows:

1. Plaintiff Dee Bailey is an individual over the age of 18 years residing in the state of Kansas.

2. Correct Care Solutions, LLC is a Kansas limited liability company in good standing in the state of Kansas. CCS may be served through its registered agent: Business Filings International, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

3. Correct Care Solutions, LLC holds itself out as one of the nation's leading provider of health care services and solutions to the correctional marketplace.

4. At all times relevant hereto, CCS acted by and through its employees and/or agents in the course and scope of their employment and/or agency, including but not limited to Kim Hofmann, Randy Harris, and Janet Myers.

5. Jurisdiction in this court is proper pursuant to K.S.A. 60-308 in that Defendant contracted in the state of Kansas and transacts business in Kansas.

6. Venue is proper in this court pursuant to K.S.A. 60-603 in that the cause of action arose in Lansing, Leavenworth County, Kansas.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff Dee Bailey was employed as the Director of Nursing ("DON") at the Lansing Correctional Facility. During the latter part of 2012 and early portion of 2013, Dee Bailey became concerned that certain personnel and/or management were exchanging and discussing information relating to other employees' personal health information and specific reasons for taking time off pursuant to the Family Medical Leave Act ("FMLA").

8. Plaintiff Dee Bailey had been employed with CCS since October 2003.

9. During the latter part of 2012 and/or early portion of 2013 Dee Bailey reported a specific incident wherein Janet Myers was discussing another employees' [name known but intentionally omitted] personal health information and specific medical conditions of employees relating to time off pursuant to the Family Medical Leave Act ("FMLA").

10. On August 5, 1993, the federal government enacted the Family Medical Leave Act ("FMLA"). The purpose of this law is to allow employees time off from their jobs for their own medical reasons or to care for a family member without fear of losing their employment or benefits.

11. Dee Bailey had concerns that the specific reasons, including other employees' medical reasons or medical issues with an employee's family member, were being discussed in an inappropriate manner.

12. At various times Dee Bailey expressed her concerns to her superiors that the specific reasons, including other employees' medical reasons or medical issues with an employee's family member, were being discussed in an inappropriate manner by and between other employees and/or supervisors.

13. At specific times from February 1, 2013 through May 1, 2013, Dee Bailey requested time off pursuant to FMLA.

14. On May 1, 2013, Dee Bailey received the "Contract Employee of the Year" relating to her employment and services as the Director of Nursing ("DON") at the Lansing Correctional Facility.

15. Also in May of 2013 Dee Bailey gave CCS notice of additional time that may be needed off pursuant to FMLA to care for her father who had been diagnosed with cancer.

16. On May 13, 2013, Dee Bailey sent a formal grievance regarding her concerns surrounding a number of communication issues with her superiors, including the improper disclosure of employees' personal health information and circumstances surrounding employees' use of FMLA time off for medical reasons or to care for a family member.

17. On May 21, 2013, Dee Bailey was terminated from her employment with CCS.

**COUNT 1**
**Wrongful/ Retaliatory Discharge**

18. Plaintiff restates and incorporates by reference paragraphs 1 through 17 of this Petition as though fully set for the herein.

19. Dee Bailey's termination from CCS was wrongful.

20. Dee Bailey's termination from CCS was based on retaliation.

21. Dee Bailey's termination from CCS was in retaliation for her good faith reporting of a serious infraction of the law to company management.

22. Dee Bailey's termination from CCS was wrongful and in retaliation for her filing a formal grievance.

23. As a result of Defendant's conduct, Plaintiff Dee Bailey sustained damages, including but not limited to past and future wage loss, past and future loss of benefits, mental anguish, emotional distress, and other damages.

**COUNT II**
**Breach of Implied Contract**

24. Plaintiff restates and incorporates by reference paragraphs 1 through 23 of this Petition as though fully set for the herein.

25. There was an implied contract between Plaintiff and Defendant.

26. Plaintiff fully performed her duties and obligations pursuant to the implied contract.

27. Defendant had ensured Plaintiff that under no circumstances would her job status, security, working conditions, or relationships with management be jeopardized because a complaint had been appealed to a higher level of management.

28. Defendant failed to perform its duties and obligations pursuant to the implied contract.

29. Defendant breached the terms of the implied contract.

30. As a result of Defendant's conduct, Plaintiff Dee Bailey sustained damages, including but not limited to past and future wage loss, past and future loss of benefits, mental anguish, emotional distress, and other damages.

**COUNT III**
**Violation of FMLA**

31. Plaintiff restates and incorporates by reference paragraphs 1 through 30 of this Petition as though fully set forth herein.

32. Plaintiff Bailey was engaged in protected acts pursuant to FMLA, including reporting her legitimate concerns surrounding a number of communication issues with her superiors, including the improper disclosure of employees' personal health information and circumstances surrounding employees' use of FMLA time off, and providing notice to her employer of anticipated time off needed due to her father's diagnosis of cancer.

33. Plaintiff Bailey suffered adverse employment action as a result of her protected acts pursuant to FMLA, specifically she was terminated.

34. There is a causal connection between the protected act(s) of Plaintiff Bailey and the adverse employment action of Defendant CCS, specifically the termination of Plaintiff Bailey.

35. Defendant CCS unlawfully interfered with, restrained, and denied Plaintiff Bailey's exercise of lawful rights under the FMLA, and terminated Plaintiff Bailey for complaining about unlawful practices of CCS and its management and utilizing FMLA for family health concerns.

36. As a result of Defendant's conduct, Plaintiff Dee Bailey sustained damages, including but not limited to past and future wage loss, past and future loss of benefits, mental anguish, emotional distress, and other damages.

WHEREFORE, based on the above and foregoing, Plaintiff Deanna "Dee" Bailey prays for judgment against Defendant Correct Care Solutions, LLC in an amount that is fair and reasonable, and in excess of *Seventy-five Thousand Dollars* ($75,000), for her costs herein incurred and expended, for her reasonable attorney's, and for such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial on all issues.

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

FILED
LEAVENWORTH CO. KS
2013 OCT 3 PM 2:55
CLERK OF DIST COURT

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.** 2013 CV 463 |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division** _______ |
| **Defendant.** | ) | |

## SUMMONS

TO: **CORRECT CARE SOLUTIONS, LLC**

You are notified that an action has been filed against you in this court. You are required to file a written response to the *Petition for Damages* with the Clerk of the District Court and to serve a copy of that response upon Plaintiff's attorney as follows:

Jason P. Roth
COPLEY ROTH & WILSON
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com

within twenty-one (21) days after service of this Summons upon you. Any related claim that you have against the Plaintiff may be stated as a counterclaim in your written response.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the Petition for Damages.

DATE: 10-4-13

CLERK OF THE DISTRICT COURT

By: ______________________

DISTRICT COURT SEAL LEAVENWORTH COUNTY, KANSAS

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

FILED
LEAVENWORTH CO. KS
2013 OCT -3 PM 2:55
CLERK OF DIST COURT

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.** 2013 CV463 |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division** _______ |
| **Defendant.** | ) | |

**PETITION FOR DAMAGES**

COMES NOW Deanna "Dee" Bailey, by and through her attorneys of record, and for her Petition for Damages against Correct Care Solutions, LLC ("CCS") states and alleges as follows:

1. Plaintiff Dee Bailey is an individual over the age of 18 years residing in the state of Kansas.

2. Correct Care Solutions, LLC is a Kansas limited liability company in good standing in the state of Kansas. CCS may be served through its registered agent: Business Filings International, Inc., 112 SW 7th Street, Suite 3C, Topeka, Kansas 66603.

3. Correct Care Solutions, LLC holds itself out as one of the nation's leading provider of health care services and solutions to the correctional marketplace.

4. At all times relevant hereto, CCS acted by and through its employees and/or agents in the course and scope of their employment and/or agency, including but not limited to Kim Hofmann, Randy Harris, and Janet Myers.

5. Jurisdiction in this court is proper pursuant to K.S.A. 60-308 in that Defendant contracted in the state of Kansas and transacts business in Kansas.

6. Venue is proper in this court pursuant to K.S.A. 60-603 in that the cause of action arose in Lansing, Leavenworth County, Kansas.

## ALLEGATIONS COMMON TO ALL COUNTS

7. Plaintiff Dee Bailey was employed as the Director of Nursing ("DON") at the Lansing Correctional Facility. During the latter part of 2012 and early portion of 2013, Dee Bailey became concerned that certain personnel and/or management were exchanging and discussing information relating to other employees' personal health information and specific reasons for taking time off pursuant to the Family Medical Leave Act ("FMLA").

8. Plaintiff Dee Bailey had been employed with CCS since October 2003.

9. During the latter part of 2012 and/or early portion of 2013 Dee Bailey reported a specific incident wherein Janet Myers was discussing another employees' [name known but intentionally omitted] personal health information and specific medical conditions of employees relating to time off pursuant to the Family Medical Leave Act ("FMLA").

10. On August 5, 1993, the federal government enacted the Family Medical Leave Act ("FMLA"). The purpose of this law is to allow employees time off from their jobs for their own medical reasons or to care for a family member without fear of losing their employment or benefits.

11. Dee Bailey had concerns that the specific reasons, including other employees' medical reasons or medical issues with an employee's family member, were being discussed in an inappropriate manner.

12. At various times Dee Bailey expressed her concerns to her superiors that the specific reasons, including other employees' medical reasons or medical issues with an employee's family member, were being discussed in an inappropriate manner by and between other employees and/or supervisors.

13. At specific times from February 1, 2013 through May 1, 2013, Dee Bailey requested time off pursuant to FMLA.

14. On May 1, 2013, Dee Bailey received the "Contract Employee of the Year" relating to her employment and services as the Director of Nursing ("DON") at the Lansing Correctional Facility.

15. Also in May of 2013 Dee Bailey gave CCS notice of additional time that may be needed off pursuant to FMLA to care for her father who had been diagnosed with cancer.

16. On May 13, 2013, Dee Bailey sent a formal grievance regarding her concerns surrounding a number of communication issues with her superiors, including the improper disclosure of employees' personal health information and circumstances surrounding employees' use of FMLA time off for medical reasons or to care for a family member.

17. On May 21, 2013, Dee Bailey was terminated from her employment with CCS.

**COUNT 1**
**Wrongful/ Retaliatory Discharge**

18. Plaintiff restates and incorporates by reference paragraphs 1 through 17 of this Petition as though fully set for the herein.

19. Dee Bailey's termination from CCS was wrongful.

20. Dee Bailey's termination from CCS was based on retaliation.

21. Dee Bailey's termination from CCS was in retaliation for her good faith reporting of a serious infraction of the law to company management.

22. Dee Bailey's termination from CCS was wrongful and in retaliation for her filing a formal grievance.

23. As a result of Defendant's conduct, Plaintiff Dee Bailey sustained damages, including but not limited to past and future wage loss, past and future loss of benefits, mental anguish, emotional distress, and other damages.

**COUNT II**
**Breach of Implied Contract**

24. Plaintiff restates and incorporates by reference paragraphs 1 through 23 of this Petition as though fully set for the herein.

25. There was an implied contract between Plaintiff and Defendant.

26. Plaintiff fully performed her duties and obligations pursuant to the implied contract.

27. Defendant had ensured Plaintiff that under no circumstances would her job status, security, working conditions, or relationships with management be jeopardized because a complaint had been appealed to a higher level of management.

28. Defendant failed to perform its duties and obligations pursuant to the implied contract.

29. Defendant breached the terms of the implied contract.

30. As a result of Defendant's conduct, Plaintiff Dee Bailey sustained damages, including but not limited to past and future wage loss, past and future loss of benefits, mental anguish, emotional distress, and other damages.

**COUNT III**
**Violation of FMLA**

31. Plaintiff restates and incorporates by reference paragraphs 1 through 30 of this Petition as though fully set forth herein.

32. Plaintiff Bailey was engaged in protected acts pursuant to FMLA, including reporting her legitimate concerns surrounding a number of communication issues with her superiors, including the improper disclosure of employees' personal health information and circumstances surrounding employees' use of FMLA time off, and providing notice to her employer of anticipated time off needed due to her father's diagnosis of cancer.

33. Plaintiff Bailey suffered adverse employment action as a result of her protected acts pursuant to FMLA, specifically she was terminated.

34. There is a causal connection between the protected act(s) of Plaintiff Bailey and the adverse employment action of Defendant CCS, specifically the termination of Plaintiff Bailey.

35. Defendant CCS unlawfully interfered with, restrained, and denied Plaintiff Bailey's exercise of lawful rights under the FMLA, and terminated Plaintiff Bailey for complaining about unlawful practices of CCS and its management and utilizing FMLA for family health concerns.

36. As a result of Defendant's conduct, Plaintiff Dee Bailey sustained damages, including but not limited to past and future wage loss, past and future loss of benefits, mental anguish, emotional distress, and other damages.

WHEREFORE, based on the above and foregoing, Plaintiff Deanna "Dee" Bailey prays for judgment against Defendant Correct Care Solutions, LLC in an amount that is fair and reasonable, and in excess of *Seventy-five Thousand Dollars* ($75,000), for her costs herein incurred and expended, for her reasonable attorney's, and for such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a jury trial on all issues.

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** 2013CV463 |
| | ) | |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division** ________ |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CORRECT CARE SOLUTIONS, LLC**

COMES NOW Plaintiff Deanna "Dee" Bailey, by and through her attorneys of record, and submits Plaintiff's First Interrogatories to Defendant Correct Care Solutions, LLC ("CCS") pursuant to Kansas Rules of Civil Procedure 60-226 and 60-233, as follows:

**INTERROGATORIES**

1. Please state whether you have been sued in your full and correct corporate name. Yes ___ No ____. If not, please state your full and correct corporate name, and provide:

(a) the date and state wherein you were incorporated;

(b) all formal corporate names and, if there have been changes in the corporate name, fully explain;

(c) the registered agent for the correct corporation.

**ANSWER:**

2. Please state with specificity the following information related to Plaintiff Deanna Bailey:

(a) her hire date with you;

(b) her termination date;

(c) her ending wages with you;

(d) all benefits provided to her pursuant to the terms of her employment;

(e) her title of employment with you.

**ANSWER:**

3. If the Defendant alleges or contends that complaints were received about the Plaintiff from anyone relating to her performance of her job duties with Defendant, please state:

(a) the name, job title, and address of each person from whom a complaint was received;

(b) the date on which each complaint was received;

(c) whether the complaint was made in writing and if so, please attach a copy of the complaint to your answer or state the time and place where counsel may examine any records of the complaint;

(d) whether the complaint was ever communicated to the Plaintiff and, if so, by whom and when.

**ANSWER:**

4. Please identify each person(s) who had managerial and/or supervisory control over the Plaintiff during her employment.

**ANSWER:**

5. Please identify the person in charge of managing Human Resources/personnel files within Defendant's organization during Plaintiff's employment.

**ANSWER:**

6. Please identify any insurance carrier who may indemnify you from damages Plaintiff has alleged against you in this lawsuit.

**ANSWER**:

7. Please identify any claims for monetary damages and/or lawsuits that have been filed against you in the last five (5) years asserting retaliatory discharge and/or FMLA violations. For each claim or lawsuit you identify, please include the name of the person(s) making the claim and the location where the lawsuit was filed, if any.

**ANSWER**:

8. Please identify any document(s) you relied upon in whole or in part, or used to refresh your recollection in responding these Interrogatories.

**ANSWER**:

9. Please identify each retained and non-retained expert witness you intend to call at trial to provide expert testimony. For each expert you identify, please identify the qualifications for the person(s) you intend to provide expert testimony, the general substance of the anticipated testimony, his or her address and phone number, and his or her hourly rate.

**ANSWER**:

10. At any time during Plaintiff's employment did you deliver to her written notice that she was not performing her job duties sufficiently? If so, please attach a copy of the written notice to your answer or state the time and place where counsel may examine any such records.

**ANSWER**:

11. Please identify each and every person who was involved in the determination to terminate Deanna Bailey's employment.

**ANSWER**:

12. Please identify the exact date(s) on which you were informed Deanna Bailey needed time off from work pursuant to the FMLA.

**ANSWER**:

13. Please identify the exact date on which a decision was made to terminate Deanna Bailey.

**ANSWER**:

14. Please identify the exact date on which Deanna Bailey was terminated from employment with Defendant.

**ANSWER**:

15. Please identify each date on which Defendant informed Deanna Bailey of any deficiencies in the performance of her job duties.

**ANSWER**:

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

**VERIFICATION**

STATE OF ________________ )
) ss:
COUNTY OF ______________ )

______________________________, of lawful age, being duly sworn upon his/her oath, deposes and states:

I am a representative of Defendant Correct Care Solutions, LLC in the above-entitled action; I have read the Interrogatories served upon Correct Care Solutions, LLC by the Plaintiff, and submit the above and foregoing Answers to those Interrogatories as true according to the best of my knowledge, information and belief.

CORRECT CARE SOLUTIONS, LLC

By:______________________________
Print Name: ______________________
Title: ___________________________

SUBSCRIBED AND SWORN TO BEFORE ME on this ______ day of _______________, 2013.

______________________________
Notary Public

My Appointment Expires: ____________________

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No.** 2013CV463 |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division** _______ |
| **Defendant.** | ) | |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT CORRECT CARE SOLUTIONS, LLC**

COMES NOW Plaintiff Deanna "Dee" Bailey, by and through her attorneys of record, and submits Plaintiff's First Interrogatories to Defendant Correct Care Solutions, LLC ("CCS") pursuant to Kansas Rules of Civil Procedure 60-226 and 60-233, as follows:

**INTERROGATORIES**

1. Please state whether you have been sued in your full and correct corporate name. Yes ___ No ____. If not, please state your full and correct corporate name, and provide:

(a) the date and state wherein you were incorporated;

(b) all formal corporate names and, if there have been changes in the corporate name, fully explain;

(c) the registered agent for the correct corporation.

**ANSWER:**

2. Please state with specificity the following information related to Plaintiff Deanna Bailey:

(a) her hire date with you;

(b) her termination date;

(c) her ending wages with you;

(d) all benefits provided to her pursuant to the terms of her employment;

(e) her title of employment with you.

**ANSWER:**

3. If the Defendant alleges or contends that complaints were received about the Plaintiff from anyone relating to her performance of her job duties with Defendant, please state:

(a) the name, job title, and address of each person from whom a complaint was received;

(b) the date on which each complaint was received;

(c) whether the complaint was made in writing and if so, please attach a copy of the complaint to your answer or state the time and place where counsel may examine any records of the complaint;

(d) whether the complaint was ever communicated to the Plaintiff and, if so, by whom and when.

**ANSWER:**

4. Please identify each person(s) who had managerial and/or supervisory control over the Plaintiff during her employment.

**ANSWER:**

5. Please identify the person in charge of managing Human Resources/personnel files within Defendant's organization during Plaintiff's employment.

**ANSWER:**

6. Please identify any insurance carrier who may indemnify you from damages Plaintiff has alleged against you in this lawsuit.

**ANSWER:**

7. Please identify any claims for monetary damages and/or lawsuits that have been filed against you in the last five (5) years asserting retaliatory discharge and/or FMLA violations. For each claim or lawsuit you identify, please include the name of the person(s) making the claim and the location where the lawsuit was filed, if any.

**ANSWER:**

8. Please identify any document(s) you relied upon in whole or in part, or used to refresh your recollection in responding these Interrogatories.

**ANSWER:**

9. Please identify each retained and non-retained expert witness you intend to call at trial to provide expert testimony. For each expert you identify, please identify the qualifications for the person(s) you intend to provide expert testimony, the general substance of the anticipated testimony, his or her address and phone number, and his or her hourly rate.

**ANSWER:**

10. At any time during Plaintiff's employment did you deliver to her written notice that she was not performing her job duties sufficiently? If so, please attach a copy of the written notice to your answer or state the time and place where counsel may examine any such records.

**ANSWER:**

11. Please identify each and every person who was involved in the determination to terminate Deanna Bailey's employment.

**ANSWER:**

12. Please identify the exact date(s) on which you were informed Deanna Bailey needed time off from work pursuant to the FMLA.

**ANSWER:**

13. Please identify the exact date on which a decision was made to terminate Deanna Bailey.

**ANSWER:**

14. Please identify the exact date on which Deanna Bailey was terminated from employment with Defendant.

**ANSWER:**

15. Please identify each date on which Defendant informed Deanna Bailey of any deficiencies in the performance of her job duties.

**ANSWER:**

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

**VERIFICATION**

STATE OF ________________ )
) ss:
COUNTY OF ______________ )

______________________________, of lawful age, being duly sworn upon his/her oath, deposes and states:

I am a representative of Defendant Correct Care Solutions, LLC in the above-entitled action; I have read the Interrogatories served upon Correct Care Solutions, LLC by the Plaintiff, and submit the above and foregoing Answers to those Interrogatories as true according to the best of my knowledge, information and belief.

CORRECT CARE SOLUTIONS, LLC

By:______________________________
Print Name: ______________________
Title: ___________________________

SUBSCRIBED AND SWORN TO BEFORE ME on this ______ day of _______________, 2013.

______________________________
Notary Public

My Appointment Expires: ____________________

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS**

**DEANNA BAILEY,** )
)
**Plaintiff,** )
)
**vs.** ) **Case No.** 2013CV463
)
**CORRECT CARE SOLUTIONS, LLC,** ) **Division** ________
)
**Defendant.** )

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CORRECT CARE SOLUTIONS, LLC**

COMES NOW Plaintiff Deanna "Dee" Bailey, by and through her attorneys of record, and submits Plaintiff's First Request for Production of Documents to Defendant Correct Care Solutions, LLC ("CCS") pursuant to Kansas Rules of Civil Procedure 60-226 and 60-234, as follows:

**REQUESTS**

1. Please produce for inspection and copying a copy of any insurance policy that may or may not provide indemnification for any recovery made by the Plaintiff in this lawsuit.

**RESPONSE:**

2. The complete personnel file of Plaintiff Deanna Bailey including, but not limited to, all evaluations of her performance of her job duties.

**RESPONSE:**

3. The complete employment file of Plaintiff Deanna Bailey including, but not limited to, all evaluations of her performance of her job duties.

**RESPONSE:**

4. Please produce all documents of any kind or character, including all records, notes, memorandum, notes of oral communication, e-mails, or any other written material which relate to Plaintiff Deanna Bailey, but are not included in Plaintiff's personnel and/or employment file(s).

**RESPONSE:**

5. Please provide all documents which identify Deanna Bailey's job duties as an employee of Defendant.

**RESPONSE:**

6. Please provide copies of any and all communications by and between Plaintiff and Defendant during Plaintiff's employment relating to Plaintiff Bailey's performance of her job duties.

**RESPONSE:**

7. Please provide copies of any and all written communications by and between Plaintiff and Defendant during Plaintiff's employment.

**RESPONSE:**

8. All documents referenced or relied upon in answering Plaintiff's First Interrogatories to Defendant.

**RESPONSE:**

9. A copy of any and all complaints regarding Plaintiff Deanna Bailey, whether made by any co-workers, supervisors, correctional facility personnel, or any other person or entity.

**RESPONSE:**

10. Please produce for inspection and copying any documents reviewed, provided to and/or relied upon by any expert witness retained to render an expert opinion on behalf of Defendant in this case.

**RESPONSE:**

11. Please produce for inspection and copying any documents and/or reports prepared by any expert witness you intend to call to trial in this case including, but not limited to, draft reports.

**RESPONSE:**

12. Please produce a copy of the curriculum vitae of any expert witness retained to render an expert opinion on behalf of Defendant in this case.

**RESPONSE:**

13. Please produce copies of any and all contracts signed by Deanna Bailey.

**RESPONSE:**

14. Please produce the Employee Handbook and/or Team Member Manual applicable to Deanna Bailey's employment with Defendant.

**RESPONSE:**

15. Please produce any written communication delivered to Deanna Bailey regarding the termination of her employment.

**RESPONSE:**

16. Please produce any and all documents informing Deanna Bailey of any deficiencies relating to the performance of her job duties.

**RESPONSE:**

17. Please produce any and all plan(s) for improvement presented to Deanna Bailey regarding any deficiencies of her performance of her job duties.

**RESPONSE:**

18. Please produce all photographs of Deanna Bailey.

**RESPONSE:**

19. Please produce any recordings of any statements made by Deanna Bailey.

**RESPONSE:**

20. Please produce any recordings of any discussions with Plaintiff Deanna Bailey.

**RESPONSE**:

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

IN THE DISTRICT COURT OF LEAVENWORTH COUNTY, KANSAS

| | | |
|---|---|---|
| DEANNA BAILEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2013CV463 |
| | ) | |
| CORRECT CARE SOLUTIONS, LLC, | ) | Division _______ |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT CORRECT CARE SOLUTIONS, LLC**

COMES NOW Plaintiff Deanna "Dee" Bailey, by and through her attorneys of record, and submits Plaintiff's First Request for Production of Documents to Defendant Correct Care Solutions, LLC ("CCS") pursuant to Kansas Rules of Civil Procedure 60-226 and 60-234, as follows:

**REQUESTS**

1. Please produce for inspection and copying a copy of any insurance policy that may or may not provide indemnification for any recovery made by the Plaintiff in this lawsuit.

**RESPONSE:**

2. The complete personnel file of Plaintiff Deanna Bailey including, but not limited to, all evaluations of her performance of her job duties.

**RESPONSE:**

3. The complete employment file of Plaintiff Deanna Bailey including, but not limited to, all evaluations of her performance of her job duties.

**RESPONSE:**

4. Please produce all documents of any kind or character, including all records, notes, memorandum, notes of oral communication, e-mails, or any other written material which relate to Plaintiff Deanna Bailey, but are not included in Plaintiff's personnel and/or employment file(s).

**RESPONSE:**

5. Please provide all documents which identify Deanna Bailey's job duties as an employee of Defendant.

**RESPONSE:**

6. Please provide copies of any and all communications by and between Plaintiff and Defendant during Plaintiff's employment relating to Plaintiff Bailey's performance of her job duties.

**RESPONSE:**

7. Please provide copies of any and all written communications by and between Plaintiff and Defendant during Plaintiff's employment.

**RESPONSE:**

8. All documents referenced or relied upon in answering Plaintiff's First Interrogatories to Defendant.

**RESPONSE:**

9. A copy of any and all complaints regarding Plaintiff Deanna Bailey, whether made by any co-workers, supervisors, correctional facility personnel, or any other person or entity.

**RESPONSE:**

10. Please produce for inspection and copying any documents reviewed, provided to and/or relied upon by any expert witness retained to render an expert opinion on behalf of Defendant in this case.

**RESPONSE:**

11. Please produce for inspection and copying any documents and/or reports prepared by any expert witness you intend to call to trial in this case including, but not limited to, draft reports.

**RESPONSE:**

12. Please produce a copy of the curriculum vitae of any expert witness retained to render an expert opinion on behalf of Defendant in this case.

**RESPONSE:**

13. Please produce copies of any and all contracts signed by Deanna Bailey.

**RESPONSE:**

14. Please produce the Employee Handbook and/or Team Member Manual applicable to Deanna Bailey's employment with Defendant.

**RESPONSE:**

15. Please produce any written communication delivered to Deanna Bailey regarding the termination of her employment.

**RESPONSE:**

16. Please produce any and all documents informing Deanna Bailey of any deficiencies relating to the performance of her job duties.

**RESPONSE:**

17. Please produce any and all plan(s) for improvement presented to Deanna Bailey regarding any deficiencies of her performance of her job duties.

**RESPONSE:**

18. Please produce all photographs of Deanna Bailey.

**RESPONSE:**

19. Please produce any recordings of any statements made by Deanna Bailey.

**RESPONSE:**

20. Please produce any recordings of any discussions with Plaintiff Deanna Bailey.

**RESPONSE:**

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY KANSAS**

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2013CV463** |
| | ) | |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division _______** |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that Plaintiff's counsel will take the deposition of **Kim Hofmann** on a date and time, and at a location to be determined by counsel for all parties.

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY KANSAS**

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2013CV463** |
| | ) | |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division _______** |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that Plaintiff's counsel will take the deposition of **Janet Myers** on a date and time, and at a location to be determined by counsel for all parties.

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY KANSAS**

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 2013CV463** |
| | ) | |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division _______** |
| | ) | |
| **Defendant.** | ) | |

**NOTICE OF DEPOSITION**

PLEASE TAKE NOTICE that Plaintiff's counsel will take the deposition of **Randy Harris** on a date and time, and at a location to be determined by counsel for all parties.

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*

**IN THE DISTRICT COURT OF LEAVENWORTH COUNTY KANSAS**

| | | |
|---|---|---|
| **DEANNA BAILEY,** | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 2013CV463** |
| **CORRECT CARE SOLUTIONS, LLC,** | ) | **Division ______** |
| **Defendant.** | ) | |

**NOTICE TO TAKE VIDEOTAPED DEPOSITION OF CORPORATE REPRESENTATIVE OF CORRECT CARE SOLUTIONS, LLC**

TO: All Counsel of Record

YOU ARE HEREBY NOTIFIED that the Plaintiff will take the deposition(s) in the above-captioned and numbered matter on a date and time, and at a location to be determined by counsel for all parties.

The deposition(s) will be taken pursuant to Kansas Rule of Civil Procedure 60-230(b)(5). Pursuant to Kansas Rule of Civil Procedure 60-230(b)(5), Defendant Correct Care Solutions, LLC ("CCS") is requested to designate one or more officers, directors, managing agents, or other persons who consent to testify on the matters set forth below:

1. The allegations in Plaintiff's Petition for Damages;
2. Defendant Correct Care Solutions, LLC's Answer to Plaintiff's Petition for Damages;
3. Plaintiff Deanna Bailey's employment with CCS;
4. Plaintiff Deanna Bailey's termination from CCS;
5. CCS's policies and procedures regarding employees and/or team members' use of the Family Medical Leave Act;

6. All answers to interrogatories provided by CCS in the above-captioned and numbered lawsuit;

7. All documents produced by CCS in the above-captioned and numbered lawsuit;

The deposition(s) will be taken before a notary public authorized by law to administer oaths and take deposition testimony. The deposition(s) will be taken upon oral examination pursuant to, and for all uses and purposes provided in the Kansas Rules of Civil Procedure. The deposition(s) will be videotaped by a representative of Plaintiff. The oral examination(s) will continue from day to day until completed.

Respectfully submitted,

COPLEY ROTH & WILSON, LLC

JASON P. ROTH KS #20529
Lighton Tower
7500 College Blvd., Suite 700
Overland Park, KS 66210
(913) 451-9500; Fax: (913) 451-9501
E-mail: jason@crwlawyers.com
*Attorney for Plaintiff*